[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 378.]

THE STATE EX REL. VAUGHN, APPELLANT, *v.* OHIO ADULT PAROLE

AUTHORITY, APPELLEE.

[Cite as *State ex rel. Vaughn v. Ohio Adult Parole Auth.*, 1999-Ohio-394.]

*Parole—Revocation—Mandamus to compel Ohio Adult Parole Authority either*
*to conduct a new parole release hearing or release relator on parole—*
*Complaint dismissed, when.*

(No. 98-2402—Submitted February 23, 1999—Decided April 28, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-832.

————————————

{¶ 1} Appellant, George E. Vaughn, was convicted of rape and assault with
intent to commit rape, and was sentenced to prison. Vaughn was paroled, and he
absconded to Georgia and was again convicted of assault with intent to commit
rape. After serving four years in Georgia on his new conviction, Vaughn was
returned to Ohio, and his parole was revoked. In April 1998, appellee, Ohio Adult
Parole Authority ("APA"), denied parole to Vaughn and continued his next parole
release hearing until 2005.

{¶ 2} In June 1998, Vaughn filed a complaint for a writ of mandamus to
compel the APA either to conduct a new parole release hearing or release him on
parole. Vaughn claimed that the APA failed to follow its internal parole guidelines,
which he asserted entitled him to a new parole release hearing before 2005. The
APA filed a Civ.R. 12(B)(6) motion to dismiss Vaughn's complaint for failure to
state a claim upon which relief can be granted. The court of appeals granted the
APA's motion and dismissed the mandamus action.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*George E. Vaughn, pro se.*

*Betty D. Montgomery*, Attorney General, and *Kevin V. Simon*, Assistant Attorney General, for appellee.

—————————

***Per Curiam.***

{¶ 4} Vaughn asserts in his sole proposition of law that the court of appeals erred in dismissing his mandamus action. For the following reasons, Vaughn's assertion lacks merit.

{¶ 5} Initially, because Vaughn has no constitutional or statutory right to parole, he has no similar right to earlier consideration of parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888. As the court of appeals correctly observed, "[t]he APA's use of internal guidelines does not alter the discretionary nature of the parole decision, because neither statute nor regulation created the guidelines and the [APA] is not bound to follow them." See, *e.g., State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 123-124, 630 N.E.2d 696, 697.

{¶ 6} In addition, Vaughn is not entitled to a writ of mandamus to compel his release from prison on parole because habeas corpus, rather than mandamus, is the proper action to compel release from prison. *State ex rel. Adkins v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 171, 172, 694 N.E.2d 958, 959.

{¶ 7} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————