[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 567.]

THE STATE EX REL. MILNER, APPELLANT, *v.* OHIO ADULT PAROLE
AUTHORITY, APPELLEE.

[Cite as *State ex rel. Milner v. Ohio Adult Parole Auth.*, 2000-Ohio-247.]

*Mandamus to compel Ohio Adult Parole Authority to vacate and set aside its*
*finding that relator is a parole violator and to order his release from*
*prison on the terms of his original parole—Court of appeals' denial of*
*writ affirmed.*

(No. 99-1256–Submitted December 15, 1999–Decided January 26, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD07-942.

_____

{¶ 1} In 1997, appellant, Sylvester Milner, filed a complaint in the Court of
Appeals for Franklin County for a writ of mandamus to compel appellee, Ohio
Adult Parole Authority ("OAPA"), to vacate and set aside its finding that he is a
parole violator and to order his release from prison on the terms of his original
parole. Milner claimed that OAPA's revocation of his parole was based on
insufficient evidence, violated his constitutional rights to due process and
confrontation, and constituted an abuse of discretion. Milner did not attach his
pertinent commitment papers to his complaint. In 1999, the court of appeals denied
the writ because habeas corpus, not mandamus, was the appropriate action for
persons claiming entitlement to immediate release from prison, and even if the court
considered Milner's action as one in habeas corpus, he failed to attach the pertinent
commitment papers required by R.C. 2725.04(D).

{¶ 2} This cause is now before the court upon an appeal as of right.

_____

*Paul Mancino, Jr.*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Marianne Pressman*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

**{¶ 3}** We affirm the judgment of the court of appeals for the reasons stated in its opinion. See *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227; *State ex rel. Finfrock v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 639, 687 N.E.2d 761. Even if Milner had filed a habeas corpus petition rather than erroneously seeking immediate release from prison through mandamus, the fatal defect caused by Milner's failure to attach commitment papers to his petition was not cured by any subsequent submission of these papers. *Boyd v. Money* (1998), 82 Ohio St.3d 388, 389, 696 N.E.2d 568, 569.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

2