[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 458.]

THE STATE EX REL. BRAY, APPELLANT, *v.* BRIGANO, WARDEN, APPELLEE.

[Cite as *State ex rel. Bray v. Brigano*, 2001-Ohio-1587.]

*Habeas corpus sought to compel relator's release from prison—Dismissal of petition affirmed.*

(No. 01-634—Submitted September 19, 2001—Decided October 17, 2001.)

APPEAL from the Court of Appeals for Warren County, No. CA2000-10-093.

_____

*Per Curiam.*

{¶ 1} In April 1992, the Cuyahoga County Court of Common Pleas convicted appellant, Jerrell Bray, of involuntary manslaughter and aggravated burglary and sentenced him to concurrent prison terms of six to twenty-five years. In 1999, the Ohio Parole Board denied Bray parole and continued his next parole hearing to July 2009.

{¶ 2} In October 2000, Bray filed a petition in the Court of Appeals for Warren County for a writ of habeas corpus to compel appellee, his prison warden, to release him from prison. Bray claimed that the Ohio Adult Parole Authority ("APA") violated his minimum due process rights by continuing his next parole hearing until July 2009. Bray further alleged that the Parole Board had relied on inaccurate information concerning an assault. Bray did not attach a copy of the Parole Board's 1999 decision to his petition. Appellee subsequently filed a motion to dismiss. In February 2001, the court of appeals granted appellee's motion and dismissed Bray's petition.

{¶ 3} In this appeal of right, Bray contends that the court erred in dismissing his habeas corpus petition because the APA did not follow its parole guidelines, the APA's decision relied on inaccurate information, and the APA denied him parole without affording him his minimum due process rights. Bray asserts that the ten-

year continuance of his parole hearing essentially sentences him to an additional prison term in violation of the law. For the following reasons, we find Bray's contentions to be meritless and affirm the judgment of the court of appeals.

{¶ 4} First, the APA's alleged failure to follow its guidelines does not entitle Bray to release from prison. *State ex rel. Vaughn v. Ohio Adult Parole Auth.* (1999), 85 Ohio St.3d 378, 379, 708 N.E.2d 720, 721.

{¶ 5} Second, Bray has no due process right to have errors expunged from records used by the APA in its parole determination. See *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1115. In fact, even assuming the existence of this right, Bray did not plead specific facts to support his conclusory allegation that the APA used inaccurate information in its parole determination. *Id.*, 71 Ohio St.3d at 659, 646 N.E.2d at 1114.

{¶ 6} Third, the minimum due process standards set forth in *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, apply only to parole revocation. As Bray was never granted parole, his parole was never revoked. Bray has no constitutional or inherent right to be conditionally released before the expiration of his sentence. *State ex rel. Recker v. Leonard* (2000), 88 Ohio St.3d 223, 224, 724 N.E.2d 805, 806.

{¶ 7} Finally, Bray's petition was defective and subject to dismissal because he did not attach all of his pertinent commitment papers under R.C. 2725.04(D). *Hairston v. Seidner* (2000), 88 Ohio St.3d 57, 58, 723 N.E.2d 575, 576. Although Bray challenges the 1999 decision to deny him parole and continue his next release hearing until July 2009, he did not attach a copy of that decision to his petition. Cf. *Tucker v. McAninch* (1998), 82 Ohio St.3d 423, 423, 696 N.E.2d 595, 596 ("Tucker did not attach commitment papers pertinent to his claim challenging the APA's parole revocation"). This fatal defect was not cured by appellee's subsequent submission of the 1999 decision as an attachment to a

dismissal motion. See, *e.g.*, *State ex rel. Milner v. Ohio Adult Parole Auth.* (2000), 87 Ohio St.3d 567, 568, 722 N.E.2d 72.

{¶ 8} Based on the foregoing, the court of appeals did not err in dismissing Bray's habeas corpus petition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Watson & Watson* and *Michael Troy Watson*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Stuart A. Cole*, Assistant Attorney General, for appellee.

_____