DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court judgment that dismissed a petition for writ of habeas corpus filed by Timothy Woodson, petitioner below and appellant herein.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT BY GRANTING RESPONDENT'S MOTION TO DISMISS."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS APPELLANT HAS BEEN DENIED HIS STATE CONSTITUTIONAL RIGHT TO DUE PROCESS AS THE ADULT PAROLE AUTHORITY HAS APPLIED ITS GUIDELINES AND POLICIES IN AN ARBITRARY AND CAPRICIOUS MANNER."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AS APPELLANT HAS BEEN DENIED HIS FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS AS THE ADULT PAROLE AUTHORITY HAS APPLIED ITS GUIDELINES AND POLICIES IN AN ARBITRARY AND CAPRICIOUS MANNER."
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT SUSTAINING HIS PETITION FOR WRIT OF HABEAS CORPUS WHEN THE OAPA MOVED HIM FROM THE APPROPRIATE GUIDELINE RANGE INTO A MORE SERIOUS GUIDELINE RANGE THEREBY DENYING HIM OF THE RELEASE FROM IMPRISONMENT TO WHICH APPELLANT WAS LAWFULLY ENTITLED."
FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR WRIT OF HABEAS CORPUS IN VIOLATION OF ARTICLE I, SECTION 9[2] OF THE UNITED STATES CONSTITUTION."
Our review of the record reveals the following relevant facts. On May 22, 1989, appellant was sentenced to an indefinite term of incarceration of ten to twenty-five years after a jury found appellant guilty of voluntary manslaughter.
On May 12, 2000, the Ohio Parole Board determined that appellant should be released on parole, effective September 12, 2000. On September 11, 2000, the Ohio Adult Parole Authority's (OAPA) informed appellant that his release was being placed on hold. Appellant subsequently was informed that a full board hearing would occur on December 12, 2000. On December 12, 2000, the OAPA changed appellant's original offense category 9 for manslaughter to category 11 for murder. As a result, the OAPA placed appellant in a prison range of 190 to 240 months and denied appellant parole.
On May 24, 2001, appellant filed a petition for a writ of habeas corpus. Appellant alleged that he is being unlawfully restrained of his liberty due to the OAPA's failure to grant him release from prison on parole.
On June 28, 2001, appellee filed a Civ.R. 12(B)(6) motion to dismiss. Appellee argued that habeas corpus is not the proper procedure by which to challenge a decision denying parole. Appellee also argued that appellant has no right to parole and that his writ, therefore, is meritless.
On November 27, 2001, the trial court granted appellee's motion to dismiss. The trial court agreed with appellee that habeas will not lie to challenge the parole board's decision denying parole.
Initially, we note that appellant has failed to separately argue his five assignments of error, as App.R. 16(A)(7) requires. Instead, appellant has addressed each assignment under a combined argument. While appellate courts may consider assignments of error together, the parties may not combine assignments of error and argue them together. See App.R. 16(A)(7); Marietta v. Barth (Dec. 22, 1999), Washington App. No. 99CA22;State v. Wyatt (Aug. 30, 1994), Scioto App. No. 93CA2168; In re Malone
(May 11, 1994), Scioto App. No. 93CA2165. App.R. 16(A)(7) requires a party to present a separate argument for each assignment of error. Appellate courts are free to disregard any assignment of error that is not separately argued. See App.R. 12(A)(2). Consequently, we would be within our discretion to simply disregard appellant's assignments of error. SeePark v. Ambrose (1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469; Statev. Caldwell (1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, at fn. 3;State v. Houseman (1990), 70 Ohio App.3d 499, 507, 591 N.E.2d 405. We will in the interest of justice nevertheless consider the issues raised in each of appellant's assignments of error.
In his five assignments of error, appellant argues that the trial court erred by dismissing his petition for a writ of habeas corpus. Appellant asserts that the trial court erroneously concluded that habeas corpus is not the proper method by which to challenge the OAPA's decision and that appellant's petition had no merit. Appellant contends that the OAPA violated his due process rights by applying its guidelines in an arbitrary manner.An appellate court reviews a trial court's decision regarding a motion to dismiss de novo. See, e.g., Shockey v. Fouty
(1995), 106 Ohio App.3d 420, 424, 666 N.E.2d 304; see, also, Walters v.Ghee (Apr. 1, 1998), Ross App. No. 96 CA 2254. A trial court should not grant a motion to dismiss if there is some state of the facts by which the nonmoving party might state a valid claim for relief. See, e.g.,Taylor v. London, 88 Ohio St.3d 137, 139, 2000-Ohio-278, 723 N.E.2d 1089
(citing O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus). When reviewing a motion to dismiss, a trial court must accept the facts stated in the complaint as true and must construe all reasonable inferences in favor of the nonmoving party. Id. (citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 532 N.E.2d 753).
A writ of habeas corpus is an extraordinary writ which will lie only when an individual is without an adequate remedy at law. See, e.g., Lealv. Mohr, 80 Ohio St.3d 171, 172, 1997-Ohio-126, 685 N.E.2d 229; State exrel. Pirman v. Money, 69 Ohio St.3d 591, 593, 1994-Ohio-208, 635 N.E.2d 26. R.C. 2725.01 establishes which persons are entitled to a writ of habeas corpus. The statute provides as follows:
 "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."
R.C. 2725.04 specifies the procedure for filing a petition for habeas corpus. The statute provides:
 "Application for the writ of habeas corpus shall be by petition, signed and verified by the party for whose relief it is intended, or by some person for him, and shall specify:
 "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 "(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 "(C) The place where the prisoner is so imprisoned or restrained, if known;
 "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
Generally, a writ of habeas corpus will issue only when the petition successfully attacks the jurisdiction of the sentencing court. See Stateex rel. Jackson v. McFaul, 73 Ohio St.3d 185, 187, 1995-Ohio-746,652 N.E.2d at 748 (citing R.C. 2725.05). However, "habeas corpus will also lie to challenge a decision of the APA in extraordinary cases involving parole revocation." Id. Habeas corpus relief will issue only if the petitioner is entitled to immediate release from confinement. Id. at 188;Pewitt v. Lorain Correctional Inst. (1992), 64 Ohio St.3d 470,597 N.E.2d 92; see, also, R.C. 2725.17.
In State ex rel. Hattie v. Goldhardt, 69 Ohio St.3d 123, 125,1994-Ohio-81, 630 N.E.2d 696, the Ohio Supreme Court addressed due process rights as they relate to parole board decisions:
"`The Fourteenth Amendment forbids a state to `deprive any person of life, liberty, or property, without due process of law * * *.' Hence, the Due Process Clause applies `only if a government action will constitute the impairment of some individual's life, liberty, or property.' 2 Rotunda Nowak, Treatise on Constitutional Law (1992) 580, Section 17.2.
"There is no constitutional right * * * to be conditionally released before the expiration of a valid sentence.' Greenholtz v. Inmates ofNebraska Penal Correctional Complex (1979), 442 U.S. 1, 7,99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. A prisoner who is denied parole is not thereby deprived of `liberty' if state law makes the parole decision discretionary. State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169; State ex rel. Ferguson v. Ohio Adult ParoleAuth. (1989), 45 Ohio St.3d 355, 356, 544 N.E.2d 674. 675."
Under R.C. 2967.03, the parole decision is discretionary. The OAPA's use of internal guidelines does not alter the decision's discretionary nature. Because neither statute or regulation created the guidelines, and the board need not follow them, they place no `substantive limits on official discretion.' Olim v. Wakinekona (1983), 461 U.S. 238, 249,103 S.Ct. 1741, 1747, 75 L.Ed.2d 813, 823."
Thus, a prisoner "has no constitutional or statutory right to parole."State ex rel. Vaughn v. Ohio Adult Parole Auth., 85 Ohio St.3d 378, 379,1999-Ohio-394, 708 N.E.2d 720. Moreover, a prisoner "has no similar right to earlier consideration of parole." Id. Furthermore, "the APA's alleged failure to follow its guidelines does not entitle [a prisoner] to release from prison." State ex rel. Bray v. Brigano, 93 Ohio St.3d 458, 459,2001-Ohio-1587, 755 N.E.2d 91.
In Perotti v. Ishee (Oct. 29, 2001), Mahoning App. No. 01CA88, the court also explained that a prisoner who is denied parole generally is not entitled relief:
"`In Linger v. Ohio Adult Parole Auth. (Oct. 14, 1997), Franklin App. No. 97APE04-482, unreported (1997) Opinions 4274, 4279), this court held that unless a prisoner is denied parole for a constitutionally impermissible reason, `the decision to deny parole is not subject to judicial review.' As the court explained, long established precedent indicates that Ohio does not give a convicted person a claim of entitlement to parole before the expiration of a valid sentence. Rather, as pointed out in Inmates of Orient Correctional Inst. v. Ohio StateAdult Parole Authority (1991), 929 F.2d 233, which relied on the Supreme Court's opinion in Olim v. Wakinekona (1983), 461 U.S. 238,103 S.Ct. 1741, 75 L.Ed.2d 813, under Ohio's system, where the decisionmaker can deny the requested relief for any constitutionally permissible reason or for no reason at all, the state has not created a constitutionally protected liberty interest.'"(quoting Mayrides v. Ohio State Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035).
In the case at bar, we do not reach the issue of whether habeas corpus is available to challenge the OAPA's decision to deny appellant parole. Instead, because appellant has no constitutional or statutory right to early release from prison, the trial court properly denied appellant's petition. Appellant's maximum sentence does not expire until 2014 and he is not, therefore, being unlawfully restrained of his liberty. See Tomlinv. Ohio Adult Parole Auth., Franklin App. No. 01AP-807, 2002-Ohio-370 (rejecting the appellant's argument that his rights were violated when the OAPA placed him in a higher offense category and thereby extended the time by which he would remain in prison prior to becoming eligible for parole).
The following statement from the Twelfth District applies equally to the case at bar:
"Appellant has failed to allege in his complaint the manner in which the OAPA has altered his conviction and sentence. The conviction and sentence stand. The classifications used by the OAPA are for parole purposes only. Appellant cannot serve more than the maximum sentence given by the trial court on the charges for which he was convicted. Appellant has not alleged that he was promised an early release nor has he alleged any promise by the jury verdict, the sentencing judge, or any other agreement that he would serve the minimum sentence of incarceration.
"Appellant has no constitutional or statutory right to parole and he has no similar right to earlier consideration of parole. State ex rel.Henderson v. Ohio Dept. of Rehab. Corr. (1998), 81 Ohio St.3d 267,268. Further, appellant has no constitutional or inherent right to be conditionally released before the expiration of his sentence. State exrel. Bray v. Brigano (2001), 93 Ohio St.3d 458, 459." State ex rel.Griffith v. Ghee, Madison App. No. CA2001-07-018, 2002-Ohio-1604.
Accordingly, based upon the foregoing reasons, we overrule appellant's five assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion.