{¶ 1} This case is before us on petitioner Erskine Oliver's petition for a writ of habeas corpus. R.C. 2725.04 sets out the requirements for such a petition. That section provides:
 {¶ 2} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 {¶ 3} "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 {¶ 4} "(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 {¶ 5} "(C) The place where the prisoner is so imprisoned or restrained, if known;
 {¶ 6} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 7} Petitioner's petition is defective in several respects. First, petitioner failed to verify his petition, which in itself warrants dismissal. See Russell v. Mitchell (1999), 84 Ohio St.3d 328, 329. Second, petitioner failed to attach copies of his commitment papers, which also warrants dismissal. See State ex rel. Bray v. Brigano (2001),93 Ohio St.3d 458, 459. Third, petitioner failed to specify the "officer, or name of the person by whom the prisoner is so confined" as required by R.C. 2725.04(B).
 {¶ 8} Upon due consideration, petitioner's petition for a writ of habeas corpus is dismissed at petitioner's costs.
WRIT DISMISSED.
Handwork, P.J., and Singer, J., concur.