OPINION and JOURNAL ENTRY
{¶ 1} On March 11, 2002, Pro-Se Petitioner filed a document which he asserts is an "application for writ of habeas corpus, ad subjiciendum et recipiendum." He asserts that he was being prosecuted for charges of which he had no knowledge (but he attaches a copy of his bond papers identifying the charge as deception to obtain drugs and a copy of a newspaper article reporting his arrest and the charge filed against him.) In his petition he also complains about the bond he had to post ($5,000) and that he has previously been denied medical attention while incarcerated.
 {¶ 2} Petitioner presents a rambling diatribe against all the court officers in conspiracy against him and their failure to follow the proper process to charge him. He also cites to the United States Constitution, the Ohio Constitution, the Magna Carta, federal law and court decisions for the legal principles supporting his claim of illegal restraint.
 {¶ 3} Under R.C. 2725.04(D) a petitioner is required to specify: "(C) The place where the prisoner is so imprisoned or restrained if known; (D) A copy of the commitment or cause of such detention shall be exhibited * * *." Petitioner is obviously not in custody, as he posted bond and was released on the underlying charge before this petition was filed. This is demonstrated by the fact that his petition lists a residential address rather than a place of incarceration. Petitioner has not attached any commitment papers. Failure to attach pertinent commitment papers is cause for dismissal. State ex rel. Bray v. Brigano
(2001), 93 Ohio St.3d 458.
 {¶ 4} Secondly, after indictment Petitioner's surety bond was continued as posted. He remained free on the underlying charges during the trial process in Common Pleas Court. It further appears on the trial court docket for case No. 02 CR 52 that on October 7, 2003, Petitioner pled guilty to three counts of the indictment, with the remaining two counts dismissed, contingent upon his being accepted into the Drug Court Program. Sentencing was held in abeyance pending completion of the program.
 {¶ 5} Based on the fact that Petitioner posted bond several days after his arrest, this petition for writ of habeas corpus is dismissed as moot. No costs assessed as Petitioner's indigency is a matter of record. Final order. Clerk to serve notice as provided by rule.
Donofrio, Vukovich and DeGenaro, JJ., concur.