DECISION ON MOTION TO DISMISS
{¶ 1} Relator, Steven Galloway, commenced this original action asserting that respondents, the Ohio Adult Parole Authority ("parole board") and its various members, have unlawfully denied him parole. Relator further asks this court to order the parole board to re-evaluate his eligibility for parole pursuant to Layne v. Ohio Adult Parole Auth.,97 Ohio St.3d 456, 2002-Ohio-6719. Respondents have filed a motion to dismiss.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law. (See attached Appendix A.) The magistrate found that the parole board assigned relator an offense score consistent with the offenses for which he was convicted. Therefore, Layne, supra, has been complied with. The magistrate further noted that the parole board decision is discretionary and relator has no constitutional or statutory right to parole and no right to be considered for release on parole. State ex rel.Vaughn v. Ohio Adult Parole Auth. (1999), 85 Ohio St.3d 378. Based upon these conclusions of law, the magistrate has recommended that we grant respondents' motion to dismiss.
 {¶ 3} No objections have been filed to the recommendation of the magistrate.
 {¶ 4} Finding no error or other defect on the face of the magistrate's decision, pursuant to Civ.R. 53(C), we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the decision of the magistrate, the requested writ is denied and respondents' motion to dismiss is granted.
Writ of mandamus denied;
Motion to dismiss granted.
Brown and McCormac, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Steven Galloway, : Relator, : v. : No. 04AP-235 Gary Croft, Chairman, Ohio Adult : (REGULAR CALENDAR) Authority et al., : Respondents. :
 MAGISTRATE'S DECISION Rendered on April 30, 2004 Steven Galloway, pro se.
Jim Petro, Attorney General, and Kelley A. Sweeney, for respondents.
 IN MANDAMUS ON MOTION TO DISMISS {¶ 5} Relator, Steven Galloway, has filed this original action contending in essence, that respondents the Ohio Adult Parole Authority ("parole board") and its various members have unlawfully denied him parole and asking this court to order respondents to reevaluate his eligibility for parole pursuant toLayne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456,2002-Ohio-6719. Respondents have filed a motion to dismiss.
Findings of Fact:
 {¶ 6} 1. Relator is an inmate currently incarcerated at the North Central Correctional Institution.
 {¶ 7} 2. Relator was indicted by the Franklin County Grand Jury in January 1991 on a total of nine counts involving endangering children, attempted rape, rape, and involuntary manslaughter. Relator ultimately pled guilty to three counts of the indictment. Count one alleged that relator had committed involuntary manslaughter in the shaking death of a child under his care in 1990. Count four alleged that relator engaged in sexual conduct with a nine-year-old child by engaging in cunnilingus with her in 1988. Count seven alleged that relator was guilty of endangering children and involved his taking and keeping pornographic photographs of a nine-year-old female child. After he pled guilty, the trial court sentenced relator to serve 10 to 25 years on counts one and four, and ordered that the counts be served concurrent with each other. Relator was also sentenced to serve 5 to 15 years on count seven and that was to be served consecutive with the other counts.
 {¶ 8} 3. Relator is currently incarcerated serving an indefinite term of 15 to 40 years. The maximum expiration of relator's sentence is January 8, 2031.
 {¶ 9} 4. At the expiration of his minimum sentence, relator had his first hearing before the parole board on June 7, 2001. At that time, relator was denied parole. The parole board noted the following:
Female victim's father reported that this inmate [relator] had sexually abused his daughter from age approx. age 7 — 12. The abuse consisted of digital penetration of the vagina, fondling and oral sex. Cat (10) sec: 231(A)(3). Also, on 10/25/90 this inmate shook his daughter which caused her death[.] Cat (10) sec: 204(b)(4). Section No.(s): 231(A)(3) [=] Cat (10) + 204(b)(4) [=] Cat (10) [; therefore] using MSO [multiple separate offenses] [=] Cat (11).
 {¶ 10} 5. Having been placed in category 11, the guideline range is 180 to 240 months to be served before release. At the time of relator's hearing, he had only served 125 months of his sentence.
 {¶ 11} 6. Thereafter, relator attempted to convince the parole board to reexamine his parole eligibility pursuant toLayne. Relator contends that the parole board should not be permitted to look at copies of police reports and other information regarding the offender's conduct.
 {¶ 12} 7. Relator was notified that he was not entitled to review of his parole eligibility pursuant to Layne.
 {¶ 13} 8. Thereafter, relator filed the instant mandamus action in this court.
 {¶ 14} 9. Respondents have filed a motion to dismiss.
Conclusions of Law:
 {¶ 15} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. For the reasons that follow, this magistrate concludes that relator is not entitled to a writ of mandamus.
 {¶ 16} The issue in Layne was whether the parole board breached a plea agreement when it assigned an inmate, for purposes of parole eligibility, an offense category score based on the alleged underlying criminal activity rather than on the offense or offenses for which the inmate was convicted. In the present case, as stated in the findings of fact, relator pled guilty to three offenses. The indictment alleged that relator had caused the death of a young child. It is appropriate for the parole board to consider the fact that this young child was an infant who had been left in relator's care. The child suffered severe brain trauma and was diagnosed as having shaken baby syndrome. It is permissible for the parole board to consider these facts when it determines his score. The indictment further indicated that relator had engaged in sexual conduct with a nine-year-old child by performing cunnilingus on her. Relator argues that it was inappropriate for the parole board to consider that his sexual conduct with this child occurred over the course of several years. Relator is incorrect. Lastly, relator was indicted of endangering children by taking and keeping pornographic photographs of the same nine-year-old child.
 {¶ 17} In reviewing the parole documents, it is apparent that the parole board did indeed assign relator an offense category score equal to the offenses for which he was convicted. As such, according to Layne, the parole board did assign relator the offense category score that corresponded to the actual offenses for which he pled guilty and was convicted. The parole board retains its discretion to determine that an inmate should serve his maximum sentence, and in making that determination, the parole board is entitled to consider relevant facts and circumstances, including the offense or offenses set out in the indictment, as well as any circumstances surrounding the offense. The parole board did nothing more than that in the present case and relator has not alleged any facts to establish otherwise. In the present case, the parole board did not abuse its discretion in finding that relator was not entitled to a new parole hearing pursuant to Layne.
 {¶ 18} Furthermore, pursuant to R.C. 2967.03, the parole decision is discretionary and the parole board's use of internal guidelines does not alter the discretionary nature of the decision. State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123. Relator has no constitutional or statutory right to parole and he has no right to be considered earlier for release on parole. State ex rel. Vaughn v. Ohio Adult Parole Auth.
(1999), 85 Ohio St.3d 378.
 {¶ 19} Lastly, relator cites no cases which would indicate that the parole board cannot look at police records in determining whether or not someone should be released on parole. Instead, as Layne makes clear, the parole board has the discretion to consider any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors which the parole board deems relevant.
 {¶ 20} Inasmuch as the record clearly shows that the offense category score given to relator at his parole hearing corresponded with those offenses for which he was actually convicted, relator has not shown and cannot show that he was improperly denied a rehearing based upon Layne. Furthermore, relator has alleged no set of facts in this mandamus action which would entitle him to be released on parole at this time. Because there is no set of facts which would entitle relator to relief, the motion of respondents to dismiss should be granted.
 STEPHANIE BISCA BROOKS MAGISTRATE