[Cite as *State ex rel. Deters v. Fischer*, **2016-Ohio-730.**]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

STATE OF OHIO, ex rel.
MARK A. DETERS

    *Petitioner*

v.

GENE FISCHER, SHERIFF

    *Respondent*


Appellate Case No. 2016 CA 0002


[Original Action in Habeas Corpus]


---

**DECISION AND FINAL JUDGMENT ENTRY**
February 22, 2016

---

PER CURIAM:

    **{¶ 1}** Mark A. Deters filed a Petition for Writ of Habeas Corpus on January 11, 2016 (the "Petition"). He asserts that he was sentenced on November 2, 2015 to "terms of confinement in the Greene County Jail," but that he has already served the entire term of confinement. The Petition provided to the court was signed by counsel, and contained a

signature line, unsigned, for Deters. No commitment papers were attached.

{¶ 2} This court sua sponte ordered Deters to show cause why the Petition should not be dismissed for failure to comply with the commitment-paper and verification requirements of R.C. 2725.04. *See Hughley v. Saunders,* 123 Ohio St.3d 90, 2009-Ohio-4089, 914 N.E.2d 370, ¶ 1 (finding such a petition "fatally defective and subject to dismissal"). Deters filed a response on January 15, 2016, to which he attached several documents indicating his commitment to the Greene County Jail on November 2, 2015 for 30 days, 62 days, 60 days, and 15 days, each document bearing the designation "consecutive with any other case." The actual sentencing orders were not attached. This court also learned that the original Petition on record with the clerk, unlike the time-stamped copies provided to the court, did contain Deters' signature.

{¶ 3} On January 19, 2016, Sheriff Gene Fischer filed a motion to dismiss. Sheriff Fischer argued that the Petition should be dismissed because it was not verified, and because Deters failed to attach an affidavit containing a description of each civil action he filed against a governmental entity or employee in the last five years. Deters responded on January 25, 2016. He attached the sentencing orders for the underlying cases, as well as an affidavit indicating he has not filed any such civil actions in the last five years. On January 26, 2016, Sheriff Fischer filed an answer to the Petition. The matter is now ripe.

{¶ 4} An application for a writ of habeas corpus must satisfy R.C. 2725.04, which provides:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

(C) The place where the prisoner is so imprisoned or restrained, if known;

(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

At issue on this court's initial review are the requirements that the Petition be verified and that a copy of all the commitment papers be attached. We will address these requirements in turn, as well as the requirement that a "civil action" affidavit be attached to the Petition.

## Verification

{¶ 5} A habeas corpus petition must be "signed and verified either by the party for whose relief it is intended, or by some person for him." R.C. 2725.04. The Supreme Court of Ohio has explained that verification means something more than mere signing; it "means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.' " *Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001), quoting Garner, Black's Law Dictionary (7 Ed.1999) 1556. Verification cannot be implied, but requires that a party

or his attorney expressly swear to the truth of the petition's allegations. *Chari* at 328.

{¶ 6} In this case, Deters separately filed a Petition for Writ of Habeas Corpus and a Memorandum in Support of Petition for Writ of Habeas Corpus. In the Petition, he avers generally that he is being held by Sheriff Fischer in violation of his due process rights, and that he has already served the entire term of confinement imposed in Xenia Municipal Court Case Nos. 15 CRB 01227 and 15 CRB 01506. His signature follows a prayer for relief. Thereafter, the Petition states:

Sworn to and subscribed before me, a notary public, in and for the State of

Ohio by the aforesaid Mark A. Deters, who personally appeared and swore

that the averments in the foregoing Petition for Writ of Habeas Corpus are

true on the ___ day of January, 2016.

The Petition is notarized and signed by counsel.

{¶ 7} The Memorandum in Support of Petition for Writ of Habeas Corpus contains more specific allegations concerning the sentences imposed in the two underlying cases. Deters' argument appears to be that the sentences imposed in the case are ambiguous, and must therefore be construed in his favor. The alleged inconsistency is that while each sentence is said to run "consecutive to all other sentences," each sentence is also said to commence on November 2, 2015. Deters posits that only concurrent sentences can begin on the same day. The number of days imposed on the two sentences also appears contradictory or incorrect when compared with the math used to arrive at the sentence.[1] However, the sentencing entries are not attached to compare to the quoted sections. The

---

[1] For example, the sentence for assault in Case No. 15 CRB 01506 is quoted as 180 days in jail, with 90 days suspended, and 28 days credit, for a total of 32 days in jail. Mathematically, this would equal 62 days. The sentence for obstructing official business is quoted as 90 days in jail, with 75 days suspended, for a total of

Memorandum is signed by counsel but not Deters.  The Memorandum does not contain express verification language.

{¶ 8}  Upon consideration, we conclude that the Petition has been verified as required by statute, at least as to the vague allegations in the Petition itself.  Although Deters does not swear to this court that the allegations are true, but rather his counsel swears that Deters swore to counsel that the allegations are true, we find the verification sufficient as to the allegations in the Petition.  We make no determination at this time whether the verified allegations would withstand deeper scrutiny, as "a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief" to avoid dismissal.  *Chari v. Vore*, 91 Ohio St.3d at 328.  We find our show cause order SATISFIED and OVERRULE Sheriff Fischer's motion to dismiss on this ground.

Commitment Papers

{¶ 9}  R.C. 2725.04(D) provides that a "copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."  Like verification, this requirement is mandatory.  *Hughley v. Saunders,* 123 Ohio St.3d 90, 2009-Ohio-4089, 914 N.E.2d 370, ¶ 1.  "These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application."  *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602

---

75 days. This sentence is later said to be 15 days.

N.E.2d 602 (1992); *see also Brown v. Rogers*, 72 Ohio St.3d 339, 341, 650 N.E.2d 422, 423 (1995) (without the commitment papers, the court "is left with only self-serving allegations of the petition").

{¶ 10} In response to this court's show cause order, Deters makes two arguments. First, he asserts that an allegation in his Petition satisfies the alternative requirement that "if the imprisonment or detention is without legal authority, such fact must appear." The identified allegation is: "Petitioner, Mark A. Deters states that he is being held in violation of his rights to due process of law by the Respondent, Gene Fischer in the Greene County, Ohio, Jail." Second, he attaches documents from the trial court ordering his commitment to the Greene County Jail.

{¶ 11} Neither argument satisfies the requirement. Bare or self-serving allegations that Deters is being held in violation of his due process rights are insufficient according the Ohio Supreme Court. *Bloss* and *Brown, supra.* Nor do such allegations directly address the relevant issue, i.e., whether Deters is or remains in Sheriff Fischer's custody without legal authority, and importantly, why that is so. On its face, Deters' allegation that he was sentenced to terms of confinement in the Greene County Jail belies his broad argument that there was no authority for his confinement. Without the commitment papers to evaluate these bare assertions, there "is nothing before the court on which to make a determined judgment." *Bloss* at 146.

{¶ 12} As for the documents ordering Deters' commitment that were later attached to his show cause response or response to the motion to dismiss, we note that a "petitioner's failure to file all the pertinent commitment papers cannot be cured by filing them at some later point in the habeas proceedings." *Clay v. Hooks*, 4th Dist. Ross No.

15CA3476, 2015-Ohio-1372, ¶ 12, citing *Boyd v. Money*, 82 Ohio St.3d 388, 389, 696 N.E.2d 568 (1998); *see also State ex rel. Bray v. Brigano*, 93 Ohio St.3d 458, 459, 755 N.E.2d 891 (2001). Deters' petition is thus fatally defective, the defect is not cured, and the Petition is subject to dismissal. *Bray* at 389. We conclude that our show cause order is NOT SATISFIED on this ground.

### Affidavit of Civil Actions

{¶ 13} R.C. 2969.25(A) provides:

At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.

State habeas corpus actions, like the other extraordinary-writ actions, are civil actions to which this requirement applies. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 6. Sheriff Fischer argues that the Petition must be dismissed because Deters did not file such an affidavit.

{¶ 14} The Supreme Court of Ohio has held that "failure to comply with the requirements of R.C. 2969.25 justifies dismissal of an extraordinary-writ action." *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, 914 N.E.2d 1045, ¶ 2. However, the Supreme Court has also recognized that an inmate who has not, in fact, filed any civil actions against a governmental entity or employee in the past five years is not required to file such an affidavit. *Id.* at ¶ 3. In light of Deters' assertion that he has not filed any such actions, and notably, the lack of any allegation from Sheriff Fischer that he

has, we OVERRULE Sheriff Fischer's motion to dismiss on this ground. *See State ex rel. Lathan v. Jensen*, 6th Dist. Lucas No. L-10-1043, 2010-Ohio-3771, ¶ 1 (noting it has overruled a motion to dismiss on this ground pursuant to *Wickensimer*).

Conclusion

**{¶ 15}** The Petition for Writ of Habeas Corpus does not satisfy the statutory requirements. We therefore find that our show cause order is NOT SATISFIED, and we DISMISS this action. Sheriff Fischer's motion to dismiss is OVERRULED.

SO ORDERED.

_____
MARY E. DONOVAN, Presiding Judge

_____
MICHAEL T. HALL, Administrative Judge

_____
JEFFREY M. WELBAUM, Judge

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____
MICHAEL T. HALL, Administrative Judge

Copies to:

Konrad Kuczak
130 W. Second Street, Suite 1010
Dayton, Ohio 45402
Attorney for Petitioner

Stephanie Hayden
55 Greene Street, 1st Floor
Xenia, Ohio 45385

Attorney for Respondent


Courtesy copies to:

Hon. Teresa L. Liston
Xenia Municipal Court
101 N. Detroit Street
Xenia, Ohio  45385

Leigh Bayer
Ohio Attorney General - Special Prosecutions
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

CA3/KY