904 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy NEWELL, Petitioner-Appellant,
v.
Gary MOHR, Respondent-Appellee.
 No. 89-3698.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1990.
 
 Before KEITH and NATHANIEL R. JONES, Circuit Judges and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Timothy Newell, an Ohio state prisoner, appeals pro se the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Newell is incarcerated as a result of two 1978 convictions on several counts of rape and aggravated robbery, as well as felonious assault, gross sexual imposition, and felonious sexual penetration. At the sentencing hearing on these charges, the trial court agreed to sentence Newell to the reformatory, but cautioned him that if he was ineligible for a reformatory sentence, the Department of Corrections would not be bound by the order. Subsequently, the trial judge, having determined that Newell was in fact ineligible for a reformatory sentence, amended the sentencing order to reflect a sentence to the penitentiary.
 
 
 3
 Newell challenges this amendment of his sentence in this petition, arguing that he was denied due process and the right to be represented by counsel during sentencing, that the amendment resulted in a later parole eligibility date, and that it was accomplished without notice, thus depriving him of the right to appeal. The magistrate found that these issues were waived as a basis for habeas relief, because the state court had refused to consider them on their merits when raised in a post-conviction proceeding, as they had not been raised on direct appeal. Moreover, the magistrate concluded that no cause or prejudice had been shown to excuse this waiver. The district court adopted the magistrate's report over Newell's objections.
 
 
 4
 Upon consideration, we conclude that this petition was properly dismissed. Newell's argument that his attorney was not notified of the amendment of the sentence is not supported by the record. Thus, there is no cause to excuse the procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Nor was Newell prejudiced by the amendment of his sentence or the failure to appeal the amendment, as the Department of Corrections would have transferred him to the penitentiary and calculated his sentence accordingly, pursuant to Ohio Rev.Code Sec. 2967.20 (Baldwin 1989), even absent any action by the trial judge.
 
 
 5
 Accordingly, the district court's order dismissing this petition is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.