THE STATE EX REL. VAUGHN, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Vaughn v. Ohio Adult Parole
Auth.* (1999), 85 Ohio St.3d 378.]

(No. 98–2402—Submitted February 23, 1999—Decided April 28, 1999.)

*George E. Vaughn, pro se.*

*Betty D. Montgomery,* Attorney General, and *Kevin V. Simon,* Assistant Attorney General, for appellee.

***Per Curiam.*** Vaughn asserts in his sole proposition of law that the court of appeals erred in dismissing his mandamus action. For the following reasons, Vaughn's assertion lacks merit.

Initially, because Vaughn has no constitutional or statutory right to parole, he has no similar right to earlier consideration of parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888. As the court of appeals correctly observed, "[t]he APA's use of internal guidelines does not alter the discretionary nature of the parole decision, because neither statute nor regulation created the guidelines and the [APA] is not bound to follow them." See, *e.g., State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 123–124, 630 N.E.2d 696, 697.

In addition, Vaughn is not entitled to a writ of mandamus to compel his release from prison on parole because habeas corpus, rather than mandamus, is the proper action to compel release from prison. *State ex rel. Adkins v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 171, 172, 694 N.E.2d 958, 959.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.