MEMORANDUM DECISION
Petitioners, James L. Bell, pro se, and five other state inmates, brought this original action in mandamus against respondents, Reginald A. Wilkinson, Director of the Department of Rehabilitation and Correction, and Margarette Ghee, Chair of the Ohio Adult Parole Board. Petitioners have all appeared before the Ohio Adult Parole Board where, they claim, "improperly placed records were used in final determination of the decision rendered by Parole Board Members." (Petition at 6.) Petitioners contend the parole board relied on erroneous information, did not consider materials petitioners submitted, and failed to follow their internal guidelines in conducting their parole hearings. Petitioners seek to compel respondents to "conduct a fair parole hearing, where properly placed records will play a fundamental factor before final decision is rendered, and that Respondents will properly apply the procedures governing Parole Hearing Process." (Petition at 11-12.)
Respondents moved to dismiss petitioners' petition, pursuant to Civ.R. 12(B)(6), for failure to state a claim. Respondents contend that they have no statutory duty to conduct parole hearings and re-hearings, that they have no statutory duty to consider materials submitted by a prisoner, and that they have no legal duty to correct a prisoner's records on the prisoner's say-so. Moreover, respondents contend that the director of the Ohio Department of Rehabilitation and Corrections has no function in the parole process.
In order to grant a motion for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts warranting relief. O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. For a writ of mandamus to issue, the petitioners must demonstrate a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the acts, and that the petitioners have no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v.McMonagle (1983), 6 Ohio St.3d 28, 29. Failure to demonstrate any one of these prerequisites is sufficient grounds to deny the petition.State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199.
In this case, petitioners have failed to state a claim upon which relief can be granted for three reasons. First, the decision of the parole board to grant or deny parole is discretionary, and the parole board's use of internal guidelines does not alter the discretionary nature of the parole decision, because neither statute nor regulation created the guidelines and the parole board is not bound to follow them. State ex rel. Vaughn v. OhioAdult Parole Authority (1999), 85 Ohio St.3d 378, 379. Hence, petitioners have failed to demonstrate that respondents are under a clear legal duty to perform the requested acts. Second, petitioners have an adequate legal remedy by way of a declaratory judgment action in common pleas court to correct their prison records. State ex rel. Earl v. Shafer (1999),85 Ohio St.3d 370. Finally, respondents are correct that, under R.C.2967.03, the director of the Ohio Department of Rehabilitation and Corrections has no function in the parole process.
Based upon the foregoing authority and the facts as set forth in petitioners' petition, we find that respondents have shown beyond doubt, that from the face of the petition, petitioners cannot show that they have a clear legal right to the relief requested, and they have an adequate legal remedy by means of a declaratory judgment action to correct their prison records. Therefore, respondents' Civ.R. 12(B)(6) motion to dismiss is granted, and petitioners' petition in mandamus is dismissed for failure to state a claim upon which relief can be granted.
Motion to dismiss granted; petition dismissed.
KENNEDY and BOWMAN, JJ., concur.