THE STATE EX REL. McCULLER, APPELLANT, v. GHEE, CHAIRPERSON, APPELLEE.

[Cite as State ex rel. McCuller v. Ghee (2000), 87 Ohio St.3d 580.]

---

(No. 99–1359—Submitted November 16, 1999—Decided January 26, 2000.)

*Charles D. McCuller, pro se.*

*Betty D. Montgomery,* Attorney General, and *Jihad M. Smaili,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** McCuller asserts that the court of appeals erred in denying the writ. For the following reasons, McCuller's contentions lack merit.

McCuller has no constitutional or statutory right to the earlier consideration of parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888. The APA's internal guidelines do not alter the discretionary nature of its parole determination. *State ex rel. Vaughn v. Ohio Adult Parole Auth.* (1999), 85 Ohio St.3d 378, 379, 708 N.E.2d 720, 721.

Moreover, as the court of appeals observed, the fact that McCuller had been paroled on four previous occasions within a seven-year period did not support McCuller's claim that he was being treated differently from other inmates. The evidence establishes that the Parole Board did not act vindictively. Instead, the Parole Board was justifiably concerned that McCuller was a risk to society because of his history of four previous parole revocations and four violations of

prison disciplinary conduct rules since his last revocation. See *Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 235, 626 N.E.2d 67, 70–71.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.