OPINION
Plaintiff-appellant Antrown Sims appeals the May 9, 2001 Judgment Entry of the Richland County Court of Common Pleas, which dismissed his complaint after granting a Civ. R. 12(B)(6) motion of defendants-appellees Ohio Adult Parole Authority, et al.
 STATEMENT OF THE FACTS AND CASE
Appellant is currently an inmate at the Richland Correctional Institution, serving an indeterminate term of imprisonment of five to twenty-five years. On November 12, 1991, appellant plead guilty to one count of each of the following: breaking and entering; theft; aggravated robbery with gun; burglary; and attempted receiving stolen property, motor vehicle. Thereafter, on September 29, 1992, appellant plead guilty to one count of drug abuse. On March 13, 1993, appellant plead guilty to one count of receiving stolen property, motor vehicle.
The Ohio Adult Parole Authority ("APA") reviewed appellant's case at a hearing on May 26, 2000. At the hearing, the Parole Board placed appellant in a category 9 offense. The Board gave appellant a criminal history/risk score of three, which placed appellant in a guideline range of 108-144 months to be served before consideration for release. The Board continued the matter until September 28, 2000, at which time appellant was again placed in category 9 with a criminal history/risk score of three. Between May, 2000, and September, 2000, appellant committed two disciplinary infractions involving the possession or use of alcohol, as well as one other significant disciplinary infraction. These behaviors resulted in an additional 6-14 months being added to the guideline range of 108-144 months.
On January 5, 2001, appellant filed a complaint against the APA and William D. Mason, Cuyahoga County Prosecutor, in the Richland County Court of Common Pleas. In his complaint, appellant alleged violations of his due process rights as a result of the APA's denying him parole, and a breach of contract claim. Appellant further asserted the Board incorrectly calculated the category of his offense. The APA filed a Civ. R. 12(B)(6) motion to dismiss. Via Judgment Entry filed May 9, 2001, the trial court granted the APA's motion and dismissed appellant's complaint for failure to state a claim upon which relief could be granted.
It is from this Judgment Entry appellant appeals, raising the following assignments of error:
 WHETHER THE COURT OF COMMON PLEAS WAS LEGALLY IN ERROR IN FAILING TO FIND THAT APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED AS IT CONCERNS RESCISSION OF PAROLE BASED UPON INSTITUTIONAL MISCONDUCT FOR WHICH APPELLANT HAD PREVIOUSLY BEEN PUNISHED IN ACCORD WITH THE OHIO ADMINISTRATIVE CODE.
 WHETHER THE COURT OF COMMON PLEAS WAS LEGALLY IN ERROR TO CONCLUDE THAT APPELLANT WAS NOT ENTITLED TO BE PLACED IN THE APPROPRIATE OFFENSE CATEGORY FOR WHICH HE HAD PLEADED GUILTY ACCORDING TO HIS PLEA AGREEMENT.
 WHETHER THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW AND PREJUDICIALLY TO APPELLANT IN DISMISSING APPELLANT'S COMPLAINT WHERE THERE EXISTED AN ACTUAL AND JUSTIFIABLE CONTROVERSY BETWEEN THE PARTIES.
 I, II, III
Because appellant's assignments of error are interrelated we shall address said assignments together. In his first assignment of error, appellant asserts error in the trial court's failure to find his due process rights were violated relative to the Board's rescission of his parole based upon institutional misconduct. In his second assignment of error, appellant maintains the trial court erred in failing to find he was entitled to be placed in the appropriate offense category. In his final assignment of error, appellant contends the trial court erred in dismissing his complaint as an actual and justifiable controversy existed between the parties.
When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the complaint to determine if dismissal is appropriate.[1] The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases.[2] Dismissal for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[3] In construing the complaint on a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party.[4] However, a court need not presume the truth of conclusions unsupported by factual allegations.[5]
It is well established a prisoner does not have a constitutional or inherent right to be released before the expiration of a valid sentence.[6] A prisoner who is denied parole is not deprived of "liberty" if state law makes the parole decision discretionary.[7] Under Ohio law, the parole decision is discretionary.[8] The APA's use of internal guidelines does not alter the discretionary nature of the decision. Because the guidelines were not created by statute or regulation, and the parole board need not follow them, the guidelines place no "substantive limits on official discretion."[9] Thus, appellant was not deprived of a protected liberty interest when he was denied parole or when his parole date was "extended".[10] Appellant can neither claim a violation of his due process rights with respect to the parole determination nor challenge any procedure utilized to deny him parole or extend his parole release date.[11] Similarly, appellant does not have a constitutional or statutory right to an earlier consideration of parole.[12]
Appellant also claims his due process rights were violated when the APA extended his parole date by 14 months as a result of appellant's institutional infractions. For the rationale set forth supra, we find appellant's due process rights were not violated by the APA's consideration of those infractions. Appellant's court imposed sentence was not extended beyond the maximum sentence by such consideration. Further, O.A.C. 5120:1-1-07, which sets for the procedure for release on parole, includes factors the APA shall consider and factors the APA may consider in a release hearing. Pursuant to subsections (C)(8) and (12), the APA may consider, "[t]he inmate's conduct during his term of imprisonment" as well as "[t]he inmate's pattern of criminal or delinquent behavior prior to the current term of imprisonment".[13]
We now turn to appellant's assertion the trial court erred in ruling he failed to state a claim for breach of contract. In support of his position, appellant relies upon the Second District Court of Appeals unreported decision in Randolph v. Ohio Adult Parole Authority.[14] TheRandolph court held, "the APA is required to classify a defendant forparole eligibility on the basis of the offenses of which he was convicted, and may not classify him differently on the basis of other charges which the State had dismissed in a plea bargain resulting in the conviction."[15] The court's contract analysis was limited "to the issue of eligibility, as distinguished from the actual parole determination."[16]
Herein, appellant's eligibility for parole is not at issue. Appellant is merely displeased with the date set as his potential release date. The record is devoid of any evidence establishing the APA considered charges dismissed pursuant to appellant's plea agreement with the State when the APA placed him in Category 9. Assuming, arguendo, the APA considered dismissed charges, we find it is clearly within the APA's authority to do so.[17] In determining the category in which to place appellant, the APA properly considered appellant's total offense behavior for the offenses for which he was convicted.
Appellant further contends the trial court erred in dismissing his complaint for failure to state a claim of a violation of his equal protection. As an inmate, appellant does not belong to a suspect class.[18] As discussed supra, appellant does not have a constitutional right to parole. Appellant, therefore, cannot establish a fundamental right is at issue. Nor can appellant prove the actions of the APA were not rationally related to the legitimate governmental interest of maintaining the welfare and security of society as a whole.
Appellant also asserts the trial court erred in dismissing his complaint because an actual and justifiable controversy exits between the parties.
R.C. 2721.03 provides:
 * * * any person * * * whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, * * * may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.
In order for appellant to establish he is entitled to declaratory relief as an alternative to other remedies available at law, three elements must be present: (1) the existence of a real controversy between adverse parties; (2) the controversy is justifiable in character; and (3) speedy relief is necessary to preserve rights which may otherwise be impaired or lost.[19]
Applying the aforementioned elements to the case sub judice, we find the trial court properly dismissed appellant's declaratory judgment action. The Ohio parole guidelines are not constitutional provisions, statutes, or rules; therefore, such are not subject to R.C. 2721.03.[20]
Furthermore, because appellant was not denied parole for a constitutionally impermissible reason, the APA's decision is not subject to judicial review.[21]
Appellant's first, second and third assignments of error are overruled.
The judgment of the Richland County Court of Common Pleas is affirmed.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.
[1] McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285.
[2] Id.
[3] York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,144.
[4] Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
[5] Id. at 193.
[6] State ex rel. Miller v. Leonard (2000), 88 Ohio St. 3d 46; State exrel. Hogan v. Ghee (1999), 85 Ohio St.3d 150, 151; Inmates of OrientCorrectional Institute v. Ohio Adult Parole Auth. (6th Cir. 1999),929 F.2d 233; Greenholtz v. Inmates of Nebraska Penal CorrectionalComplex (1979), 442 U.S. 1, 7, 97 S.Ct. 2100, 2104, 60 L.Ed.2d 668,675;
[7] State ex rel. Blake v. Shoemaker (1983), 4 Ohio St.3d 42; State exrel. Ferguson v. Ohio Adult Parole Auth. (1989), 45 Ohio St.3d 355.
[8] Id.
[9] Olim v. Wakinekona (1983), 461 U.S. 238, 249, 103 S.Ct. 1741,1747, 75 L.Ed.2d 813, 823.
[10] Jago v. Van Curen (1981), 454 U.S. 14, 20-21, 102 S.Ct. 31, 35,70 L.Ed.2d 13, 19.
[11] Olim, supra.
[12] State ex rel. Vaughn v. Ohio Adult Parole Auth. (1999),85 Ohio St.3d 378.
[13] Ohio Adm. Code 5120:1-1-07.
[14] Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99CA17, unreported.
[15] State v. Callahan (Oct. 6, 2000), Montgomery App. No. 18237, unreported (Emphasis added).
[16] Id.
[17] State ex rel. Askew v. Goldhardt (1996), 75 Ohio St.3d 608; State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123.
[18] Wilson v. Yaklich (6th Cir. 1998), 148 F.3d 596, 604.
[19] Herrick v. Kosydar (1975), 44 Ohio St.2d 128, 129.
[20] Wise v. Ohio Dept. of Rehabilitation and Correction (1992),84 Ohio App.3d 11, 14.
[21] Mayrides v. Ohio State Adult Parole Auth. (April 30, 1998), Franklin App. No. 97APE08-1035 (Citations omitted).