[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 90.]

RIDENOUR, APPELLANT, *v.* RANDLE, WARDEN, APPELLEE.

[Cite as *Ridenour v. Randle*, 2002-Ohio-3606.]

*Habeas corpus sought to compel relator's release from prison on parole—Court of appeals' denial of writ affirmed, when—Testing constitutionality of parole eligibility requirements not cognizable in state habeas corpus— Alleged breach of plea agreement not timely raised.*

(No. 2002-0154—Submitted June 26, 2002—Decided July 31, 2002.)

APPEAL from the Court of Appeals for Ross County, No. 01CA2589.

_____

**Per Curiam.**

{¶1} In April 1972, the Montgomery County Court of Common Pleas, upon the guilty plea of appellant, William L. Ridenour, convicted him of two counts of murder in the second degree, one count of shooting to kill, and two counts of assault with a deadly weapon. The common pleas court sentenced Ridenour to two life terms and a term of 1 to 20 years and two terms of 1 to 5 years, all to be served consecutively. Ridenour subsequently escaped from prison, and following his recapture, he was convicted in May 1978 of two counts of kidnapping, one count of felonious assault, one count of aggravated burglary, and one count of escape. The common pleas court sentenced him to an aggregate prison term of 4 to 25 years, to be served consecutively to his 1972 sentence.

{¶2} In 1995, the Ohio Parole Board denied parole for Ridenour. In January 1999, a hearing officer recommended to the Parole Board that the board again deny parole. After Ridenour objected to the hearing officer's findings and recommendation, a hearing officer responded that the objections were meritless:

{¶3} "In reviewing the Review Screening Recommendation Sheet and the facts presented to the Parole Board, I must point out that the facts presented to the

Parole Board indicate that you forced individuals at gunpoint who were outside the victim's residence and forced them to allow you into the residence where you eventually murdered two individuals which constitutes part of the offense behavior for which you are currently in prison. In the hearing officer's perspective, the movement of those individuals from point one to point two at gunpoint constitutes kidnapping. As the Parole Board's guidelines indicate, the hearing officer is to review offense behavior, not necessarily the criminal charges for which you were found guilty beyond a reasonable doubt."

{¶4} In March 2001, Ridenour filed a petition for a writ of habeas corpus in the Court of Appeals for Ross County. In his memorandum in support of the petition, which he incorporated into his petition, he raised the following claims: (1) under former R.C. 2967.13 and 5145.01, he was entitled to parole eligibility at the expiration of ten years of imprisonment, (2) the sentence for his escape conviction expired because of his accumulated good-time credits earned under former R.C. 2967.19, (3) the Parole Board, in the 1999 review screening recommendation sheet of one of its hearing officers, breached his 1972 plea agreement by treating his convictions for assault with a deadly weapon as conduct indicative of kidnapping, and (4) the Parole Board could not constitutionally deny parole based upon the nature and circumstances of his offenses. Ridenour claimed that based on these claims, the judgments of his sentencing courts had already been satisfied and the Ohio Department of Rehabilitation and Correction no longer had authority to incarcerate him.

{¶5} After the court of appeals denied the first motion of appellee, Chillicothe Correctional Institution Warden Michael Randle, to dismiss the petition, it sua sponte converted Randle's second dismissal motion into a motion for summary judgment and gave the parties the opportunity to submit additional documentation pursuant to Civ.R. 56. In December 2001, the court of appeals granted Randle's motion for summary judgment and denied the writ.

**{¶6}** In his appeal as of right, Ridenour asserts that the court of appeals erred in denying the writ. For the following reasons, Ridenour's assertion is meritless, and the court of appeals correctly denied the writ.

**{¶7}** Ridenour's claims challenging the Parole Board's determinations denying him parole do not entitle him to release from prison. Habeas corpus is generally appropriate in the criminal context only if the prisoner is entitled to immediate release from prison. *Douglas v. Money* (1999), 85 Ohio St.3d 348, 349, 708 N.E.2d 697. Testing the constitutionality of parole eligibility requirements as applied to Ridenour is not cognizable in state habeas corpus. *Rodgers v. Capots* (1993), 67 Ohio St.3d 435, 436, 619 N.E.2d 685; cf. *Moore v. Leonard* (1999), 85 Ohio St.3d 189, 190, 707 N.E.2d 867 ("Parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed").

**{¶8}** Furthermore, because Ridenour has no constitutional or statutory right to parole, he has no similar right to earlier consideration of parole. *State ex rel. Vaughn v. Ohio Adult Parole Auth.* (1999), 85 Ohio St.3d 378, 379, 708 N.E.2d 720. In fact, earlier consideration of parole is not tantamount to a legal right to release from prison, which Ridenour was required to establish to be entitled to extraordinary relief in habeas corpus. *Heddleston v. Mack* (1998), 84 Ohio St.3d 213, 214, 702 N.E.2d 1198.

**{¶9}** Moreover, former R.C. 2967.19 and former 5145.02 merely reduce the minimum term of Ridenour's indeterminate sentences; they do not entitle him to release from prison before he serves the maximum term, i.e., life in prison, provided in his sentence. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.* (2002), 95 Ohio St.3d 70, 72, 765 N.E.2d 356; *State ex rel. Bealler v. Ohio Adult Parole Auth.* (2001), 91 Ohio St.3d 36, 740 N.E.2d 1100. Similarly, R.C. 5145.01 also does not

entitle Ridenour to release. *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283.

**{¶10}** In addition, Ridenour has or had adequate legal remedies in the ordinary course of law to raise his claim of a breached plea agreement. See *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47, 676 N.E.2d 108; *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 491, 633 N.E.2d 1128. " '[H]abeas corpus, like other extraordinary writ actions, is not available where there is an adequate remedy at law.' " *Agee v. Russell* (2001), 92 Ohio St.3d 540, 544, 751 N.E.2d 1043, quoting *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194.

**{¶11}** Finally, Ridenour waived those additional claims that he raises on appeal but did not raise in the court of appeals. *Brown v. Leonard* (1999), 86 Ohio St.3d 593, 716 N.E.2d 183.

**{¶12}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

William L. Ridenour, pro se.

Betty D. Montgomery, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.

_____