DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Darryl Smith, is an inmate currently incarcerated at the Mansfield Correctional Institution serving a sentence of eight to 35 years. According to his petition, relator was initially imprisoned in 1983, paroled in 1991, and subsequently arrested and reimprisoned as a technical parole violator. Relator claims that he agreed to plead guilty to the parole violation in exchange for a promise that he would only serve 15 months and there would be no objection to his release after he served 15 months. He has filed this original action requesting this court to issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("APA"), to honor a written plea agreement to grant him parole after he had served 15 months as a technical parole violator. This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate converted respondent's motion to dismiss to a motion for summary judgment. In a motion mailed on October 20, 2003 and filed on October 23, 2003, relator requested additional time to conduct discovery and to respond to the motion for summary judgment. The magistrate denied relator's motion as untimely because the motion for summary judgment had been submitted to the magistrate on October 20, 2003. On October 30, 2003, relator also requested leave of court to conduct discovery, and the magistrate denied that motion as well. Ultimately, the magistrate issued a decision, including findings of fact and conclusions of law (attached as Appendix A) concluding that respondent was entitled to summary judgment for three reasons: first, because relator has no constitutional or statutory right to parole; second, because relator did not attach a copy of the alleged written plea agreement to his complaint; and third, because it was undisputed that relator's parole hearing had been continued due to his status as a maximum security prisoner.
 {¶ 2} Relator filed objections to the magistrate's decision claiming the magistrate arbitrarily denied his motion for additional time, denied his motion to conduct discovery, refused to consider the handwritten plea agreement signed by an APA hearing officer Daniel Weaston that was attached to his petition, and erroneously based its decision on relator's security status in the Southern Ohio Correctional Facility when in fact relator is incarcerated at the Mansfield Correctional Institution as a close security prisoner.
 {¶ 3} Respondent countered that the handwritten document attached to relator's petition is merely a recommendation and not binding on the APA.
 {¶ 4} Following independent review, pursuant to Civ.R. 53, we find that with one exception not affecting the ultimate outcome of the case, relator's objections are without merit. We find no evidence of bias or unfairness on the part of the magistrate. The magistrate has properly applied the appropriate standard for ruling on a motion for summary judgment, and we agree with the conclusion of the magistrate that respondent is entitled to summary judgment as a matter of law. While relator did attach a document entitled, "Recommendation" and dated January 14, 1992, it merely indicates that the APA supervisor recommends a continuance of 15 months from the date of relator's arrest, and he does not object to relator's release at the conclusion of the requested continuance. This document is insufficient to create a genuine issue of material fact on the issue of whether the APA had a plea agreement with relator and subsequently breached the agreement. Finally, the magistrate did not indicate that relator was in maximum status at the Southern Ohio Correctional Facility. Rather, the magistrate noted that relator's parole consideration was continued due to his maximum-security status. Accordingly, we overrule relator's objections; we adopt the magistrate's findings of fact and the decision of the magistrate as modified; grant respondent's motion for summary judgment; and deny the writ of mandamus.
Objections overruled; motion for summary judgment granted writof mandamus denied.
Bowman and Bryant, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Darryl Smith, : Relator, : v. : No. 03AP-865 Ohio Adult Parole Authority, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on October 31, 2003 Darryl Smith, pro se.
Jim Petro, Attorney General, and Kelley A. Sweeney, for respondent.
 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 5} Relator, Darryl Smith, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("APA"), to honor its "plea agreement" with relator and, accordingly, parole him. The APA has filed a motion to dismiss which this magistrate converted to a motion for summary judgment.
Findings of Fact:
 {¶ 6} 1. Relator is an inmate currently incarcerated at the Mansfield Correctional Institution.
 {¶ 7} 2. According to his petition and attachments, relator was sentenced by the Cuyahoga County Court of Common Pleas in 1983 and 1986 for several sentences. Relator is serving an aggregate sentence of eight to 35 years.
 {¶ 8} 3. Relator was paroled on April 11, 1991, and was subsequently arrested as a technical parole violator.
 {¶ 9} 4. According to relator, he "struck a plea bargain" with the APA in the form of a "written contractual agreement" whereby relator would serve only 15 months and then the APA would release him.
 {¶ 10} 5. Relator is still incarcerated and, according to him, the APA has "completely reneged and totally broke[n] the agreement."
 {¶ 11} 6. On September 3, 2003, relator filed the instant mandamus action requesting that this court order the APA to fulfill its contractual obligation with him and grant him release from prison.
 {¶ 12} 7. On September 30, 2003, the APA filed a motion to dismiss. Because that motion attached documents outside the pleadings, the magistrate converted the motion to dismiss to one for summary judgment.
 {¶ 13} 8. Relator did not respond to the APA's motion to dismiss nor to the magistrate's order converting it to a motion for summary judgment in a timely fashion
 {¶ 14} 9. Following submission to the magistrate, relator filed motions for extension of time to respond due to his status as a maximum security prisoner and to depose members of the APA and conduct other discovery. Those motions have been denied.
 {¶ 15} 10. The matter is currently before the magistrate on the motion for summary judgment.
Conclusions of Law:
 {¶ 16} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 17} For the reasons that follow, respondent's motion for summary judgment should be granted. First, as a convicted prisoner, relator has no constitutional or inherent right to be conditionally released before the expiration of his valid sentence. See, for example, State ex rel. Miller v. Leonard
(2000), 88 Ohio St.3d 46; State ex rel. Hogan v. Ghee (1999),85 Ohio St.3d 150. The decision whether or not to grant parole to an Ohio prisoner lies wholly within the discretion of the APA. See Jago v. Van Curen (1981), 454 U.S. 14, 102 S.Ct. 31; R.C.2967.03. Because relator has no constitutional or statutory right to parole, he has no similar right to an earlier consideration of parole. State ex rel. Vaughn v. Ohio Adult Parole Auth. (1999),85 Ohio St.3d 378; State ex rel. Henderson v. Ohio Dept. ofRehab. Corr. (1998), 81 Ohio St.3d 267. Without a constitutional right to parole, relator can claim no constitutional violation of the APA's use of parole guidelines as well as other factors to determine his eligibility for parole or when his next parole hearing will be held.
 {¶ 18} Secondly, relator asserts that he entered into a written "plea agreement" with the APA wherein the APA agreed to release him after 15 months. Relator has failed to attach a copy of this "plea agreement" as required under Civ.R. 10(D) which states:
 {¶ 19} When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading.
 {¶ 20} Upon review of the complaint, this magistrate finds that relator has failed to attach a copy of the "plea agreement" and has further failed to provide the reason for the omission. Based upon this fact, it would be proper to grant the APA's motion to dismiss and would likewise be appropriate to grant summary judgment in favor of the APA especially given that relator has had the opportunity to respond to the APA's motion and has failed to do so. Slife v. Kundtz Properties (1974),40 Ohio App.2d 179.
 {¶ 21} Furthermore, according to the documents, relator's parole hearing had been continued due to his status as a maximum-security prisoner. Relator was given the opportunity to reduce his security level and become eligible for parole. Pursuant to Ohio Department of Rehabilitation and Corrections Policy 501-36(VI)(D)(7)(d), maximum-security classification is given to inmates who present an unacceptable risk to other inmates and staff. Inmates who present an unacceptable risk to inmates and staff also present an unacceptable risk to society and, as such, the policy provides that releasing maximum-security inmates would be inappropriate.
 {¶ 22} For the foregoing reasons, it is this magistrate's decision that respondent is entitled to summary judgment as a matter of law and this court should grant summary judgment in favor of respondent and dismiss relator's complaint for a writ of mandamus.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE