DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Timothy Newell, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms the trial court's judgment.
 I. {¶ 2} On December 12, 1978, Appellant was sentenced to fifteen years to one hundred thirty years incarceration in Case No. CR-040130 and to fifteen years to four hundred and seventy years incarceration in Case No. CR-040174, to be served in the Ohio State Reformatory, Mansfield, Ohio. At the sentencing hearing, the trial court agreed to sentence Appellant to the Ohio State Reformatory in Mansfield, but cautioned him that if he were ineligible for a reformatory sentence, the Ohio Department of Rehabilitation and Corrections ("ODRC") would not be bound by that order.[1] Subsequently, the trial judge determined that Appellant was indeed ineligible for a reformatory sentence. On January 4, 1979, the judge amended the sentencing order to reflect a sentence to the penitentiary (Columbus Correctional Facility) instead of the Ohio State Reformatory in Mansfield. On January 9, 1979, Appellant, through counsel, filed a direct appeal of his convictions. On December 23, 1985, Appellant filed a petition for relief after judgment in which he sought to modify his sentence. The trial court subsequently denied his petition. Appellant then unsuccessfully appealed the denial of his petition.
 {¶ 3} On July 27, 2005, Appellant filed a habeas petition challenging his confinement in the Ohio penitentiaries. In his habeas petition Appellant specifically complained that he was sentenced to a term of confinement in the Ohio State Reformatory but that Appellees, Carl Anderson, Warden at Grafton Correctional Institution where Appellant is currently an inmate, and ODRC, illegally "committed [him] to a term of confinement in the penitentiary to increase the quantum of punishment against [him]." Appellees filed a motion for summary judgment on August 10, 2005. On September 2, 2005, the trial court granted summary judgment in favor of Appellees, finding that the ODRC had the power to transfer Appellant to the penitentiary and that Appellant was not entitled to release from custody because he had not yet served his maximum sentence. Appellant timely appealed from this entry, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ABUSED ITS DISCRETION TO THE DETRIMENT OF 
APPELLANT WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 4} In his first assignment of error, Appellant asserts that the trial court erred in granting summary judgment in favor of Appellees. We find no merit in this contention.
 {¶ 5} Civ. R. 56 governs summary judgment procedure in habeas corpus proceedings. See Palmer v. Ghee (1997),117 Ohio App.3d 189, 195. This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 7} A writ of habeas corpus is an extraordinary writ which will lie only when an individual is without an adequate remedy at law. Leal v. Mohr (1997), 80 Ohio St.3d 171, 172-173. R.C.2725.01 establishes which persons are entitled to a writ of habeas corpus and provides:
"Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."
"Habeas corpus is generally appropriate in the criminal context only if the prisoner is entitled to immediate release from prison." Ridenour v. Randle, 96 Ohio St.3d 90, 2002-Ohio-3606, at ¶ 7, citing Douglas v. Money (1999), 85 Ohio St.3d 348, 349. "`[H]abeas corpus, like other extraordinary writ actions, is not available where there is an adequate remedy at law[,]'" e.g. appeal or post-conviction relief. Ridenour, supra, at ¶ 10, quoting Agee v. Russell (2001), 92 Ohio St.3d 540, 544; Stateex rel. Jackson v. McFaul (1995), 73 Ohio St.3d 185, 186. Moreover, it is enough that Appellant had an alternative remedy available to him. There is no requirement under habeas law that the remedy be currently available. Drake v. Tyson-Parker,101 Ohio St.3d 210, 2004-Ohio-711, at ¶ 5.
 {¶ 8} Here, Appellant has or had adequate legal remedies in the ordinary course of law, by appeal or post-conviction relief, to raise the alleged sentencing error. Childers v. Wingard
(1998), 83 Ohio St.3d 427, 428. "Sentencing errors are not jurisdictional and are not cognizable in habeas corpus." Id., citing Majoros v. Collins (1992), 64 Ohio St.3d 442, 443.
 {¶ 9} In addition, Appellant has already raised an analogous claim in a motion for post-conviction relief in which he challenged the trial court's ability to modify his sentence. SeeState v. Newell (Mar. 5, 1987), 8th Dist. No. 51767, at *2. "Where a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue." Childers, 83 Ohio St.3d at 428, citing State exrel. Sampson v. Parrott (1998), 82 Ohio St.3d 92, 93.
 {¶ 10} Appellant has failed to demonstrate that he is entitled to immediate release from custody. Ridenour, supra, at ¶ 7. Appellant merely contends that he was erroneously sentenced to confinement in the Ohio penitentiaries instead of an Ohio reformatory. Appellant has not yet served his maximum sentence and is thus not entitled to immediate release from prison. Id. at ¶ 9. Moreover, under the law in effect at the time of Appellant's incarceration, the ODRC had the authority to transfer Appellant to the penitentiary if he was not eligible for admission into the reformatory. See R.C. 2967.20 (repealed 1994). R.C. 2967.20
provided that:
"If a prisoner is sentenced to the penitentiary or the reformatory who is not legally eligible for admission thereto, the warden or superintendent of said institution shall receive said prisoner and shall forthwith recommend to the department of rehabilitation and correction the transfer of said prisoner to the proper institution. Prisoners so transferred are entitled to the same legal rights and privileges as to the term of sentence, diminution of sentence, and parole, as if originally sentenced and committed to the institution to which they have been transferred." State of Ohio, Ex Rel. v. Adult Parole Auth.
(Nov. 10, 1981), 10th Dist. No. 81AP-735, at *1.
 {¶ 11} Appellant's claim was not cognizable in a habeas corpus action because (1) he had an adequate alternative legal remedy in which to raise his claim, (2) he has already unsuccessfully litigated this claim in his motion for post-conviction relief, (3) he has failed to demonstrate that he is entitled to immediate release from custody and (4) the ODRC had the authority to transfer Appellant to the penitentiary if he was not eligible for admission into the reformatory. As such, we find that there was no genuine issue of material fact regarding Appellant's claim and Appellees were entitled to judgment as a matter of law. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1
SECTION 11, OF THE OHIO CONSTITUTION IN ACCORDANCE TO OHIO REVISED CODE SECTION 2317.48, AND OHIO RULES OF CIVIL PROCEDURE # 27[.]"
 {¶ 12} In his second assignment of error, Appellant contends that the trial court abused its discretion in violation of his due process rights by failing to rule on his petition for discovery prior to terminating his petition for habeas corpus relief. We find no merit in this contention.
 {¶ 13} Absent an abuse of discretion, a reviewing court must affirm a trial court's disposition of discovery issues. State exrel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469. An abuse of discretion is more than an error of judgment, but instead connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 14} The Supreme Court has held that the refusal by a court of appeals to allow an inmate to obtain discovery in a habeas corpus proceeding in which he asserted a due process challenge was not error given the court's summary determination that the inmate's habeas action was meritless. State ex rel. Johnson v.Ohio Adult Parole Auth. (2000), 90 Ohio St.3d 208, 210-211. In light of our finding that Appellant's habeas claim lacked merit, we find no abuse of discretion in the trial court's failure to rule on Appellant's discovery petition prior to ruling on Appellees' motion for summary judgment.
 III. {¶ 15} Appellant's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Boyle, J. concur.
[1] We do not have the transcript of the sentencing hearing. This fact was included in the Sixth Circuit Court of Appeal's opinion in Newell v. Mohr (C.A. 6, 1990), 904 F.2d 707. Appellant claims that there is no transcript or records to demonstrate the trial judge's reasoning.