OPINION
{¶ 1} This habeas corpus action is presently before this court for consideration of the motion for summary judgment of respondent, Warden Richard Gansheimer of the Lake Erie Correctional Institution. As the sole basis for the motion, respondent asserts that petitioner, Ramon Thompson, cannot prevail on his single claim for relief because his own allegations support the conclusion that he is not entitled to be released from the state prison at this time. For the following reasons, this court holds that the granting of *Page 2 
summary judgment is warranted in this instance.
 {¶ 2} Our review of the evidentiary materials accompanying the habeas corpus petition indicates that petitioner has been continuously incarcerated in the Ohio prison system since August 2004. Prior to that date, petitioner had been convicted of criminal offenses in two separate proceedings before the Cuyahoga County Court of Common Pleas. In the first action, Cuyahoga C.P. No. CR-01-405065-ZA, a jury had found him guilty of three felony drug offenses, and he had been sentenced to an aggregate term of seventeen months. In the second case, Cuyahoga C.P. No. CR-02-418761-ZA, he had been found guilty of having a weapon under a disability, felonious assault, and a three-year firearm specification. For his sentence in this latter case, the trial court ordered him to serve an aggregate term of ten years.
 {¶ 3} After petitioner had begun to serve the terms in the first two actions, he was returned to Cuyahoga County for the purpose of proceeding in Cuyahoga C.P. No. CR-02-431683-A. Ultimately in that case, petitioner entered a guilty plea to one count of possession of drugs, a fifth-degree felony, and was sentenced to a new term of six months. As part of the sentencing judgment in the third case, the trial court ordered that the six-month term was to be served concurrently with the ten-year term in the second case and any "other" sentence which had been imposed against petitioner.
 {¶ 4} As the primary grounds for his habeas corpus claim, petitioner asserted that his present incarceration in the state prison is illegal because the Cuyahoga County Sheriff failed to follow the requirements of R.C. 2949.12 after he was sentenced in the first Cuyahoga County case. Specifically, he maintained in his petition that the Sheriff did not satisfy his statutory duty to transfer him from the county jail to the state prison *Page 3 
within five days of the imposition of that sentence. In light of this, petitioner argued that the seventeen-month term under the first Cuyahoga County case has never properly commenced, and that the trial court in that case does not have the authority to enforce the sentence at this time. He further argued that the failure to satisfy R.C. 2949.12 had the effect of depriving the trial court in the second Cuyahoga case of the jurisdiction to go forward on the pending charges and sentence him to the aggregate ten-year term.
 {¶ 5} In now moving for summary judgment on the foregoing basic argument, respondent states that, pursuant to the records of the Ohio Department of Rehabilitation and Correction, petitioner's seventeen-month term under the first Cuyahoga case and six-month term under the third Cuyahoga case have already been served; as a result, his present incarceration is based solely upon the ten-year term in the second action, Cuyahoga C.P. No. CR-02-418761-ZA. Respondent also contends that, in regard to the second Cuyahoga case, petitioner has not made any allegation sufficient to establish that the trial court in that case lacked the jurisdiction to impose the aggregate term of ten years. Based on this, he submits that petitioner is not entitled to be released at this time because his longest sentence under the three convictions has not expired.
 {¶ 6} As was noted above, petitioner's initial argument as to the enforceability of the seventeen-month sentence under the first Cuyahoga County case was predicated upon the provisions of R.C. 2949.12. The first sentence of this statute provides:
 {¶ 7} "Unless the execution of sentence is suspended, a convicted felon who is sentenced to serve a term of imprisonment in a state correctional institution shall be conveyed, within five days after sentencing, excluding Saturdays, Sundays, and legal holidays, by the sheriff of the county in which the conviction was had to the facility that *Page 4 
is designated by the department of rehabilitation and correction for the reception of convicted felons. * * *"
 {¶ 8} Despite the legislature's use of the word "shall" in the foregoing sentence, it has still been held that the "conveyance" provision in R.C. 2949.12 does not delineate a mandatory duty for a county sheriff. In State v. Vaughn (1995), 106 Ohio App.3d 775, the defendant argued as part of his direct appeal from his conviction that his sentence had to be declared invalid under the statute because he was not conveyed to the prison until the eighth day after the imposition of the sentence. Upon quoting the relevant part of the statute, the Twelfth Appellate District concluded that the "conveyance" provision was intended to be only directory in nature. In light of this, theVaughn court also held that a sheriffs failure to convey a defendant within the five-day limit is not grounds for invalidating the sentence or stopping its enforcement.
 {¶ 9} As part of the assertions supporting his claim in habeas corpus, petitioner acknowledged the "directory" nature of R.C. 2949.12 and admits that a violation of the "conveyance" provision would "normally" not be a viable basis for a writ. Nevertheless, petitioner further asserted that, in this particular instance, the violation of the statute had the effect of depriving the trial courts in both the first and second Cuyahoga actions of jurisdiction to enforce the sentences against him. However, in making this assertion, he did not indicate why his situation would be any different than other instances in which a violation of the statute has taken place.
 {¶ 10} Given the plain language of R.C. 2949.12, it is readily apparent that the "conveyance" provision is intended to govern a purely procedural matter which occurs after the criminal defendant has been convicted and sentenced. In other words, R.C. *Page 5 2949.12 does not become effective until after the criminal proceeding has completely concluded. In light of this limited application, it cannot be said that the failure of the county sheriff to follow the provision would ever result in a violation of due process which would somehow deprive a trial court of the jurisdiction to enforce its sentencing judgment. Therefore, this court concludes that even if there was no justifiable reason for not conveying petitioner to a state prison within five days following his conviction in the first Cuyahoga County case, that error did not invalidate his seventeen-month term for the specific conviction under that case.
 {¶ 11} Notwithstanding the foregoing discussion, we would again indicate that petitioner's present incarceration is based solely upon the aggregate ten-year term that was imposed under the second Cuyahoga County case. In making his allegations as to the application of R.C.2949.12, petitioner did not alleged that the county sheriff failed to transfer him to a state prison within five days of his sentencing under the second case; instead, he simply attempts to argue that once a violation of the statute had occurred in regard to the first case, the trial court in the second case lost its authority to go forward and impose a new sentence. Yet, given that the second Cuyahoga County case was a separate criminal proceeding based on a distinct indictment, it follows that any alleged error in the first Cuyahoga County case could not have affected the authority of the trial court in the second case to proceed. Stated differently, even if we accept the assertion that the failure to follow the five-day limit had the effect of invalidating the seventeen-month sentence under the first case, the ten-year sentence under the second case would still remain valid and would justify petitioner's continuing incarceration in the state prison. *Page 6 
 {¶ 12} As a general proposition, a writ of habeas corpus will not issue unless the inmate has successfully attacked the jurisdiction of the court which imposed his prison term. Luna v. Russell (1994),70 Ohio St.3d 561. In addition, it has been consistently held that even if a jurisdictional error has occurred, the writ will still not lie unless the inmate is entitled to be released from prison immediately. See e.g.,Kemp v. Ishee, 7th Dist. No. 03 MA 182, 2004-Ohio-390, at ¶ 3. Accordingly, if the inmate's incarceration is predicated upon multiple convictions, the lack of jurisdiction as to one conviction will not support the issuance of the writ when the inmate can still be held on a separate valid conviction. Swiger v. Seidner (1996), 74 Ohio St.3d 685,687.
 {¶ 13} In the instant case, our review of the provisions of R.C. 29249.12 supports the conclusion that a violation of the five-day time limit for transferring a defendant does not result in a jurisdictional error which would invalidate the imposed sentence. Thus, any error by the Cuyahoga County Sheriff would not have affected the basic validity of petitioner's seventeen-month sentence under the first Cuyahoga County proceeding. More importantly, even if the Sheriff's alleged error could have invalidated the prison term under the first case, such an error simply could not have had any effect upon the trial court's jurisdiction in the second Cuyahoga case because the two criminal cases were completely separate proceedings. To this extent, petitioner's factual allegations were not sufficient to establish any right to be released immediately because he has not shown any lack of jurisdiction on the part of the trial court in the second case to impose the aggregate ten-year prison term.
 {¶ 14} As a separate basis for his habeas corpus claim, petitioner asserted that when he began to serve the seventeen-month sentence from the first Cuyahoga County *Page 7 
case, the Department of Rehabilitation and Correction failed to give him proper credit for his prior jail time. Specifically, he alleged in his petition that, since he was held in the Cuyahoga County Jail from April 2003 until his July 2004 trial in the first case, he was entitled to a jail-time credit which covered the entire seventeen months. Based upon this, petitioner further contended that the trial court in the second Cuyahoga County case had committed a jurisdictional error by ordering that the ten-year term in that case run concurrently with the seventeen-month term from the first case.
 {¶ 15} In regard to the actions of the Department, this court would simply note that any error as to the award of a jail-time credit for the seventeen-month term would not affect petitioner's entitlement to be released from the state prison because he has not completed his ten-year term under the second case. In relation to the validity of the sentence in the second Cuyahoga case, we would emphasize that even if we assume for the sake of argument that the trial court in the second case improperly ordered the two terms to be served concurrently, such an error would not warrant the issuance of a writ of habeas corpus. The Supreme Court of Ohio has previously held that any error in the sentencing of a criminal defendant is not jurisdictional in nature and, thus, cannot form the basis of a viable habeas corpus claim. Majoros v.Collins (1992), 64 Ohio St.3d 442. For these reasons, the second grounds for petitioner's habeas corpus claim lack merit.
 {¶ 16} Under Civ.R. 56(C), the moving party in a summary judgment exercise is entitled to prevail on such a motion when he can demonstrate that: (1) there are no genuine issues of material fact remaining to be tried; (2) the moving party is entitled to judgment in his favor as a matter of law; and (3) the state of the evidentiary materials is *Page 8 
such that, even when those materials are viewed in a manner most favorable to the opposing party, a reasonable person would still reach a conclusion which is adverse to the opposing party. Newell v.Anderson, 9th Dist. No. 05CA008812, 2006-Ohio-3291, at ¶ 5. In applying the foregoing basic standard, this court has indicated that, although a question as to the sufficiency of the plaintiffs allegations should usually be raised in a Civ.R. 12(B)(6) motion, a sufficiency argument can form the basis for a proper motion for summary judgment.Blackwell v. Bd. of Ashtabula Twp. Trustees, 11th Dist. No. 2003-A-0061, 2004-Ohio-2080, at ¶ 4. Our holding was predicated upon the fact that, pursuant to Civ.R. 56(C), the pleadings of the parties can be considered in deciding if a factual dispute truly exists. Id. See, also, State exrel. Petty v. Portage Cty. Ct. of Common Pleas (Oct. 17, 1997), 11th Dist. No. 97-P-0041, 1997 Ohio App. LEXIS 4684.
 {¶ 17} In our analysis of the merits of the instant case, this court has based our discussion essentially upon the allegations in the habeas corpus petition. After reviewing those allegations in a manner most favorable to petitioner, it is our determination that a reasonable person could only reach a conclusion adverse to him as to his entire habeas corpus claim. That is, petitioner's own allegations establish that he is not entitled to be released from prison because: (1) he is presently incarcerated solely on the aggregate ten-year term under the second Cuyahoga County case; and (2) any error which may have occurred in the first Cuyahoga County case did not affect the jurisdiction of the court in that second case. Therefore, as a matter of law, respondent is entitled to prevail on the final merits of this matter.
 {¶ 18} Respondent's motion for summary judgment is hereby granted. It is the order of this court that final judgment is entered in favor of respondent as to petitioner's *Page 9 
entire habeas corpus claim.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1